UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RACHEL GREGG d/b/a )
PREFERRED CLEANERS, )
 )
      Plaintiff, )
 ) No. 1:06-CV-203
v. )
 ) Magistrate Judge Lee
Y. A. CO. CO., LTD, d/b/a FUJISTAR SHIRT )
SYSTEM, and ROBERT E. NABORS, )
 )
      Defendants. )

## **MEMORANDUM and ORDER**

**I.     Introduction**

Before the Court are: (1) the motion of Defendant, Y. A. Co. Co., Ltd d/b/a Fujistar Shirt System ("Fujistar"), for summary judgment pursuant to Fed. R. Civ. P. 56 [Doc. No. 14] and (2) the motion of Plaintiff, Rachel Gregg d/b/a/ Preferred Cleaners, to amend the complaint under Fed. R. Civ. P. 15 [Doc. No. 25].[1] Plaintiff filed an affidavit [Doc. No. 23] and a "further response" in opposition to Fujistar's motion for summary judgment [Doc. No. 24]. Defendant filed a response in opposition to Plaintiff's motion to amend [Doc. No. 27], which, in limited part, also replied to Plaintiff's response to Fujistar's summary judgment motion [*id.* at 2-3]. Pursuant to this Court's order of April 11, 2007, Plaintiff also filed a proposed amended complaint as a supplement to her motion to amend [Doc. No. 31]. Fujistar filed a further response to Plaintiff's motion to amend,

---

[1] Based upon the Plaintiff's motion to amend and her proposed amended complaint [Doc. Nos. 25, 31], it appears the real name of Fujistar is 19172 Corporation d/b/a Fujistar Shirt System. This is consistent with Fujistar's answer to the complaint which was filed by "the defendant 1972 [sic] Corporation d/b/a Fujistar Shirt System (improperly sued as 'Y.A. Co.Co. Ltd. d/b/a/ Fujistar Shirt System')" [Doc. No. 10 at 1]. References to Fujistar in this memorandum and order are to 19172 Corporation d/b/a Fujistar Shirt System.

which also addressed its motion for summary judgment [Doc. No. 32]. Defendant Robert E. Nabors ("Nabors") has not responded to either of the pending motions, which are now ripe for review.

For the reasons set forth below, Fujistar's motion for a summary judgment pursuant to Fed. R. Civ. P. 56 [Doc. No. 14] will be **GRANTED IN PART and DENIED IN PART** as follows. The aspect of Fujistar's motion which seeks a summary judgment on Plaintiff's claims Fujistar breached implied or express warranties under the Tennessee Uniform Commercial Code, Tenn. Code Ann. §§ 47-2-313, *et seq.*, ("TUCC") as the manufacturer or seller to Plaintiff of the shirt machine will be **GRANTED** and those claims will be **DISMISSED WITH PREJUDICE**. The aspect of Fujistar's motion which seeks summary judgment on Plaintiff's remaining claims against Fujistar will be **DENIED**. Also, Plaintiff's motion to amend [Doc. No. 25] will be **GRANTED** and Plaintiff shall file her amended complaint within ten days of the entry of this order.

## II.    Background

Plaintiff alleged both Fujistar and Nabors sold to Plaintiff, who operates a business known as Preferred Cleaners, a Fujistar shirt machine (the "shirt machine") and that the Defendants provided warranties and guarantees on the shirt machine [Doc. No. 1-2 at 1]. Plaintiff asserted the shirt machine never worked properly or complied with the guarantees and warranties provided by Defendants or with warranties provided by law, including fitness for the particular purpose of the machine under the TUCC [*id.* at 1-2]. Plaintiff seeks compensatory, punitive, and consequential damages, including loss of business profits, interest paid on the loan to purchase the shirt machine, and attorney's fees [*id.* at 2].

### A.    The Affidavit of Haddad

Along with its motion for summary judgment, Fujistar submitted the affidavit of Tony

Haddad ("Haddad"), who owns Fujistar [Doc. No. 16 at 1, ¶2]. Haddad avers Fujistar sells press machines it purchases from manufacturers, but it does not manufacture machines and it did not manufacture the shirt machine purchased by Plaintiff [*id.* at 1-2, ¶¶3-6, 8]. Haddad states Fujistar is a dealer and it merely sold the shirt machine, which was eventually purchased by the Plaintiff, "to a company named Widmer Cleaners in Cincinnati, Ohio" [*id.* at 2, ¶¶7, 9]. Haddad also states:

> 11. Neither I, nor any other employee or representative of Fujistar, ever spoke with or otherwise contacted any employee, agent or representative of the plaintiff, concerning the machine referenced in the Complaint, before the plaintiff purchased the machine. In fact, I did not know that Mr. Nabors intended to purchase the machine from Widmer Cleaners before he purchased it.
>
> 12. Specifically, I have never seen or spoken with Rachel Gregg about the machine referenced in the complaint.

[*Id.* at ¶¶11, 12].

Haddad further states he only had very brief conversations with Richard Strickland ("Strickland"), an employee of Plaintiff, *after* Plaintiff purchased the machine [*id.* at 3, ¶13] (emphasis added). Haddad states he "traveled to Chattanooga to train Plaintiff's employees to use the machine after they purchased it," but he never trained Plaintiff's employees because Strickland prevented him from doing so [*id.* at ¶¶14-15].

The contract between Fujistar and Widmer Cleaners, which is dated July 21, 2001, is attached to Haddad's affidavit [*id.* at ¶10]. The invoice for the sale of the shirt machine from Fujistar to Widmer Cleaners states in pertinent part:

> LIMITATION OF WARRANTIES. All warranties, if any, relating to the equipment sold pursuant to this contract come directly, and in writing, from the manufacturer of the equipment, and not from seller. No statements made by seller, nor any action or inaction by seller,

> nor any trade custom or course of dealing with seller, shall create any warranty, expressed or implied on the part of the manufacturer. No statement made by the manufacturer, nor any action or inaction taken by the manufacturer, nor any trade custom or course of dealing with the manufacturer, shall create any warranty, express or implied, on the part of the seller. Buyer acknowledges that upon delivery he inspected the equipment and it was in good order and condition. As to the Seller, buyer acknowledges purchase of the equipment is on an "as is" basis with out warranty of any kind, including, but not limited to, the implied warranties of merchantability and fitness for a particular purpose, and that any warranties come from the manufacturer.

[Doc. No. 16 at 5-6].

### B. The Affidavit of Strickland

As part of her response in opposition to Fujistar's motion for summary judgment, Plaintiff has submitted Strickland's affidavit [Doc. No. 23]. Strickland is Plaintiff's son and the operations manager for Preferred Cleaners [*id.* at 1]. Strickland states he has known Nabors for several years, and, after attending a trade show, he met with Nabors and told him he was interested in both the Fujistar and Sankosha shirt machines [*id.*]. Strickland states he decided the Fujistar shirt machine was too expensive and "decided that we would probably buy the Sankosha machine" [*id.*].

Strickland states thereafter he saw an advertisement in *American Dry Cleaner* magazine, listing the shirt machine for sale [*id.*]. Strickland called the owner of the shirt machine, who told him Nabors had already purchased the shirt machine several days before [*id.* at 1-2]. Strickland then telephoned Nabors who told him "the machine was six months old and that [Strickland/Plaintiff] could save money by purchasing that unit and that Fujistar would provide a new warranty on this machine" [*id.*]. Strickland further avers:

> to assure myself that there was a new warranty on this machine I called Mr. Tony Haddad of Fujistar. He confirmed the age and the new warranty and assured me that the machine would work as well

4

> as a brand new machine. I thought the name of Mr. Haddad's
> company was Fujistar. . . . I would not have had my mother look at
> this machine and recommend to her that she purchase it without the
> warranty from Fujistar who I understood to be the manufacturer.

[*id.*].

In addition, Strickland states when the shirt machine was installed, "Haddad came to Chattanooga to show me how to use the machine," but the "machine never operated correctly" [*id.* at 2]. Strickland avers "[t]he quality of the shirts that came off the Fujistar machine was so bad" the machine has not been used and has been in storage [*id.* at 2-3]. Strickland further states that, after it was determined the shirt machine would not work, he called Haddad about the warranty and had several conversations with Haddad [*id.* at 3]. Strickland avers Nabors informed him "Haddad was not going to do anything about the problems" [*id.*]. Strickland also states:

> I have done everything that I could think of to get the machine to
> work properly. When we decided to sue, I did not know any name
> other than Fujistar Shirt Systems. I have read Mr. Haddad's
> testimony and he indicated that the corporation was 19172
> Corporation. I had never heard of that corporation until I read his
> deposition. I only new [sic] that Fujistar Shirt Systems had given me
> a warranty on the machine. It is my understanding that our lawyer
> found Y. A. Co. Co. Ltd. and thought that was the proper defendant
> which did business as Fujistar Shirt System.

[*Id.*].

    **C.**    **Haddad Deposition Testimony**

Attached to Plaintiff's "further response" to Fujistar's motion for summary judgment are portions of the transcript of the deposition of Haddad [Doc. No. 24]. In summary, Haddad testified the legal name of his business is 19172 Corporation, he is the sole stockholder, his company does business as Fujistar Shirt System when it buys equipment from various factories to sell, and his

5

company also does business as Haddad Services when it services equipment [Doc. No. 24-3 at 1-3].

Haddad testified Fujistar places an adhesive sticker with its name on each piece of equipment sold [*id.* at 3]. Haddad described the sticker as a "fingerprint." [*Id.*]. All of the equipment Fujistar sells also has a manufacture's label that provides the name and address of the manufacturer and the location where the machine was manufactured [*id.* at 4]. Fujistar does not remove the stickers identifying the manufacturer, instead he adds an additional adhesive sticker identifying his business as "Fujistar" [*id.*]. Haddad also testified Fujistar sells the machines to an end user or a dealer [*id.* at 5]. Haddad testified that when Fujistar sells a piece of equipment it does not provide a warranty; rather, the warranty comes from the factory [*id.* at 6].

Haddad testified he was familiar with the shirt machine purchased by Plaintiff [Doc. No. 24-4 at 2]. Haddad described the shirt machine as used and said the manufacture's warranty on the machine had expired because it was a one-year warranty [*id.*].

## III. Fujistar's Motion for Summary Judgment

### A. Standard of Review

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material

fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Id.* A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907.

### B. Breach of Warranties Claims

Fujistar asserts it can not be held liable for a breach of warranty under the TUCC because it was neither the manufacturer nor seller to Plaintiff of the shirt machine, and it was not in privity of contract with Plaintiff [Doc. No. 15 at 3-4].

#### (1) Fujistar Did Not Manufacture the Shirt Machine

While Plaintiff does not specifically allege Fujistar is liable for a breach of warranty under the TUCC because it was the actual manufacturer of the shirt machine, apparently Fujistar reads the complaint and proposed amended complaint as being broad enough to include such a claim. The Court notes Plaintiff's complaint and proposed amended complaint are not clear on whether Fujistar is attempting to assert claims against the manufacturer. For instance, while the caption of the proposed amended complaint changes the name of Defendant Fujistar from Y.A. Co.Co. Ltd. d/b/a/ Fujistar Shirt System to 19172 Corporation d/b/a Fujistar Shirt System, paragraph 1 of the proposed amended complaint still states "defendant, Robert E. Nabors, is an employee and/or agent of the defendant, Y.A. Co. Co. Ltd., d/b/a FujiStar Shirt System." [Doc. No. 31 at ¶1]. Fujistar stated in its brief that the shirt machine was manufactured by a Japanese company named Y.A.C. Co., but it

7

provided no evidentiary support for this statement [Doc. No. 15 at 2].

Haddad's affidavit and deposition testimony present evidence Fujistar sells and services press machines purchased by Fujistar from various manufacturers, but is not a manufacturer and did not manufacture the shirt machine. Although Strickland states in his affidavit he "understood" Fujistar to be the manufacturer of the machine, Plaintiff has submitted no evidence contradicting Haddad's affidavit and deposition testimony that Fujistar was not the manufacturer of the shirt machine. While the Court cannot conclude who actually manufactured the shirt machine based on the record, it is clear Fujistar is not the manufacturer under the undisputed evidence.

### (2) Fujistar Did Not Sell the Shirt Machine to Plaintiff

Plaintiff clearly alleges Fujistar is liable for breach of warranties and guarantees it allegedly made when it sold the shirt machine to Plaintiff [Doc. Nos. 1-2 & 31]. Under the TUCC a "seller" is "a person who sells or contracts to sell goods." Tenn. Code Ann. § 47-2-103(d). The TUCC also provides:

> . . . unless the context otherwise requires "contract" and "agreement" are limited to those relating to the present or future sale of goods. "Contract for sale" includes both a present sale of goods and a contract to sell goods at a future time. A "sale" consists in the passing of title from the seller to the buyer for a price (§ 47-2-401). A "present sale" means a sale which is accomplished by the making of the contract.

Tenn. Code Ann. § 47-2-106(1).

With regard to express warranties, the TUCC provides:

> (1) Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

8

>    (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

Tenn. Code Ann. § 47-2-313.

With regard to implied warranties, including fitness for the ordinary purpose, the TUCC states, "[u]nless excluded or modified (§ 47-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Tenn. Code Ann. § 47-2-314(1). Lastly, with regard to an implied warranty of fitness for a particular purpose, the TUCC states in pertinent part:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified . . . an implied warranty that the goods shall be fit for such purpose.

Tenn. Code Ann. § 47-2-315.

The uncontradicted evidence before the Court shows Fujistar did not the sell the shirt machine *to Plaintiff*. Instead, Fujistar sold the shirt machine to Widmer Cleaners pursuant to a contract limiting the warranties provided to Widmer Cleaners. The invoice for sale of the shirt machine to Widmer Cleaners is stamped "PAID" with no balance due appearing on the invoice.

The affidavit of Strickland confirms the shirt machine was not purchased by Plaintiff from Fujistar. Strickland avers that, subsequent to his discussion with Nabors about Plaintiff's interest in purchasing either a Fujistar or Sankosha shirt machine, Strickland saw an advertisement in *American Dry Cleaner* magazine for the Fujistar shirt machine [Doc. No. 23 at 1].[2] Strickland's

---

[2] Strickland's affidavit also indicates that a copy of the advertisement which appeared in *American Dry Cleaner* magazine in 2007 is attached to his affidavit as exhibit A [Doc. No. 23 at 2]. He further indicates a copy of an advertisement which appeared in the March 2007 *Western Cleaner*

9

affidavit states after seeing the advertisement, he:

> called the owner [of the shirt machine] and the owner advised me that Mr. Nabors had purchased this machine several days before. I called Mr. Nabors and he advised me that the machine was six months old and that I could save money by purchasing that unit and that Fujistar would provide a new warranty on this machine. He also told me that the Fujistar would work better than a Sankosha, or he would give the machine to me.

[*Id.* at 2-3]. The uncontradicted evidence shows Nabors, who purchased the shirt machine from a third party, sold it to Plaintiff.

The Court will construe the unverified complaint and proposed amended complaint as alleging Nabors was an employee or agent of Fujistar [see Doc. Nos. 1-2 & 31 at ¶1]. However, a party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations' of their pleadings, but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir.), *cert. denied*, 540 U.S. 824 (2003) (citing Fed. R. Civ. P. 56(e)).

There is no evidence in the record to support a claim Fujistar actually sold the shirt machine to Plaintiff because Nabors allegedly is an employee of or agent for Fujistar. To the contrary and as fully quoted above, Haddad's affidavit states Fujistar sold the shirt machine to Widmer Cleaners and neither he nor any other employee or representative of Fujistar spoke with Plaintiff concerning the shirt machine before Plaintiff purchased it. Haddad also states he did not know Nabors intended to purchase the machine from Widmer Cleaners before Nabors purchased it.

Nothing in the record, including Strickland's affidavit, sets forth disputed material facts

---

*and Launderer* newspaper is also attached to his affidavit [*id.*]. No copy of either of the aforementioned advertisements is attached to Strickland's affidavit and no copy of either of the advertisements has been located in the record by the Court.

concerning whether Nabors was an agent or employee of Fujistar. Indeed, the record contains little to no information about the relationship between Nabors and Fujistar. Thus, Plaintiff has presented no significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute regarding whether Fujistar sold the shirt machine to Plaintiff.

Accordingly, based upon the undisputed evidence before the Court, Fujistar was not the seller to Plaintiff of the shirt machine.

### (3) No Privity for Economic Loss Claims

Fujistar also argues Plaintiff has no privity of contract with Fujistar to support any claim for breach of express or implied warranties. Plaintiff has neither responded to this argument nor presented authority to the contrary.

Privity means "a derivative interest founded on or growing out of contract, connection or bond of union between the parties." *Lowe v. Ussery*, No. 88-109-II, 1988 WL 103314, * 2 (Tenn. Ct. App. Oct. 5, 1988)). While privity is not required "in all actions for personal injury or property damage predicated upon breach of warranty, including those [actions] arising under the Uniform Commercial Code," *Commercial Truck & Trailer Sales, Inc. v. McCampbell*, 580 S.W.2d 765, 772 (Tenn. 1979), it is required for purely economic loss claims. *Messer Griesheim Indus, Inc. v. Eastman Chemical Co.*, 194 S.W.3d 466, 472 (Tenn. Ct. App. 2005).

Plaintiff does not allege the shirt machine caused either personal injury or property damages [Doc. Nos. 1-2 & 31]. As argued by Fujistar, Plaintiff's complaint appears to seek only economic losses based upon Plaintiff's allegation the shirt machine does not work properly. Contrasting claims for purely economic losses with claims for property damages, the court in *Messer Griesheim* held that in claims for economic losses stemming from a contract for a sale of goods, the rights and

11

obligations of the buyer and seller would be governed by the contract and, absent contractual privity, a plaintiff could not maintain a claim for purely economic losses. *Id.* at 471 (citing *Trinity Industries v. McKinnon Bridge Co.*, 77 S.W.3d 159 (Tenn. Ct. App. 2001).

Based upon the undisputed facts in the record, Plaintiff was not in privity of contract with Fujistar when she purchased the shirt machine from Nabors after he purchased it from an uninvolved third party, Widmer Cleaners. Under these undisputed facts, Fujistar is not liable for breach of warranty under the TUCC.

### C. Misrepresentation Claims

Fujistar also asserts Plaintiff cannot recover from it for any claim of intentional or negligent misrepresentation regarding the shirt machine because there can be no reasonable reliance by Plaintiff on Fujistar since Fujistar had no contact with Plaintiff prior to the purchase of the shirt machine. First, Fujistar argues Haddad's brief conversation with Strickland occurred only *after* the sale of the shirt machine to Plaintiff. Second, Fujistar argues even if Haddad's conversations with Strickland occurred prior to Plaintiff's purchase of the shirt machine from Nabors, there still can be no recovery for negligent misrepresentation because Fujistar had no pecuniary interest in the sale [Doc. No. 27 at 2].

As previously noted, Haddad states Fujistar had no contact with Plaintiff concerning the shirt machine before Plaintiff purchased it, and did not know Nabors intended to purchase the machine from Widmer Cleaners prior to the time Nabors purchased it. Haddad admits he had very brief conversations with Strickland *after* the machine was purchased and also traveled to Chattanooga to train the Plaintiff's employees to use the shirt machine after it was purchased by Plaintiff.

Strickland avers he had several conversations with Nabors about the Fujistar shirt machine,

12

but also states that, in order to assure there was a new warranty on the shirt machine, he called Haddad and confirmed the age and the "new warranty." Strickland also avers Haddad further assured the shirt machine would work as well as a "brand new machine." Construing Strickland's affidavit in the light most favorable to the non-movant, it indicates Strickland had a least one conversation with Haddad prior to Plaintiff's purchase of the shirt machine and that Haddad made certain assurances concerning the shirt machine and warranty.

Clearly, there is a factual dispute regarding when the conversation(s) between Strickland and Haddad took place and what was said. The undisputed evidence is Fujistar sold the shirt machine to Widmer Cleaners. In doing so, it appears Fujistar disclaimed all warranties except the manufacturer's warranty. Strickland's affidavit does not state how Haddad allegedly confirmed a new warranty was being provided or if it was being provided by Fujistar. It is curious that Haddad would make or confirm a new warranty as alleged after disclaiming such warranties in the Widmer Cleaners transaction. Nevertheless, drawing all reasonable inferences in favor of the non-moving party as the Court must when ruling on a motion for summary judgment, the evidence, particularly the affidavits of Strickland and Haddad, creates a genuine issue of material fact as to whether Haddad provided or misrepresented some type of warranty on the shirt machine *prior* to the time Plaintiff purchased it from Nabors.

Fujistar also asserts it is entitled to a summary judgment on any claims of negligent misrepresentation because the evidence shows Fujistar had no pecuniary interest in the sale of the machine from Nabors to Plaintiff. There is no documentary evidence in the record demonstrating Fujistar had any pecuniary interest in the sale of the shirt machine from Nabors to Plaintiff. Haddad, however, admits he traveled from Los Angeles, California to Chattanooga, Tennessee to train

13

Plaintiff's employees to use the shirt machine after it was purchased. At this stage of the proceedings, it is a reasonable inference that Haddad did not travel from California to Tennessee to train Plaintiff's employees in the use of the shirt machine for purely gratuitous reasons. Thus, Haddad's involvement in training Plaintiff's employees creates a reasonable inference Fujistar had some interest in the sale of the shirt machine to Plaintiff, *possibly* pecuniary.

With respect to intentional misrepresentation, Plaintiff alleges the Defendants fraudulently led Plaintiff to believe they would honor warranties and guarantees on the shirt machine. Under Tennessee law, "[t]he essence of fraud is deception;" namely, "fraud is a trick or artifice or other use of false information that induces a person to act in a way that he or she would not otherwise have acted." *Lopez v. Taylor*, 195 S.W.3d 627, 634 (Tenn. Ct. App. 2005). Fraud occurs when an individual either intentionally misrepresents a material fact or intentionally creates a false impression which misleads another. *Id.* The elements of a claim for fraud in Tennessee are:

> (1) an intentional misrepresentation of an existing material fact, (2) knowledge of the representation's falsity, and (3) injury caused by reasonable reliance on the misrepresentation.

*Id.* (citing *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 904 (Tenn. 1999)).

Strickland's alleged conversation with Haddad concerning the shirt machine and new warranty, when viewed in the light most favorable to Plaintiff, sets forth an intentional misrepresentation of an existing material fact made with knowledge of the representation's falsity. Strickland's affidavit states he would not have recommended that Plaintiff purchase the shirt machine had he not believed Fujistar had agreed to provide a new warranty on the machine. Thus, and again viewing the facts and all inferences in the light most favorable to Plaintiff as the non-moving party, Strickland's affidavit demonstrates there are genuine issues of material fact

14

concerning the claim that Plaintiff's economic loss injury is caused by its reliance on the misrepresentation(s) of Fujistar.

Accordingly, Fujistar's motion for a summary judgment pursuant to Fed. R. Civ. P. 56 [Doc. No. 14] will be **GRANTED IN PART and DENIED IN PART**. The aspect of Fujistar's motion which seeks a summary judgment on Plaintiff's claims Fujistar breached implied or express warranties under the TUCC as the manufacturer or seller to Plaintiff of the shirt machine will be **GRANTED** and those claims will be **DISMISSED WITH PREJUDICE**. The aspect of Fujistar's motion which seeks summary judgment on Plaintiff's remaining claims against Fujistar will be **DENIED**.

## IV. Plaintiff's Motion to Amend

Plaintiff moves to amend the complaint apparently to substitute the name "19172 Corporation d/b/a Fujistar Shirt System" for "Y.A. Co. Co., Ltd. d/b/a Fujistar Shirt System" pursuant to Fed. R. Civ. P. 15 [Doc. No. 25]. Plaintiff seeks to amend the complaint because "it appears from the deposition of Tony Haddad, that the company which does business as Fujistar Shirt Systems is actually 19172 Corporation" [Doc. No. 26 at 1]. Defendant asserts Plaintiff's motion to amend should be denied as futile because Fujistar did not manufacture the machine or give a warranty on the machine as set forth in its motion for summary judgment [Doc. No. 27].[3]

Leave to amend a complaint is freely given where justice so requires, but a court may deny

---

[3] Defendant originally asserted it was not certain if Plaintiff sought to assert any additional allegations against it or only to amend the complaint to properly name Fujistar because Plaintiff had not attached a proposed amended complaint to her motion to amend as required by E.D.TN LR 15.1. The Court directed Plaintiff to file a proposed amended complaint as a supplement to her motion [Doc. No. 28], and Plaintiff did so [Doc. No. 31]. As noted, after the proposed amended complaint was filed, Defendant responded noting only a name change was proposed [Doc. No. 32].

leave where the amendment would be futile or cause undue delay which would result in unfair prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993); *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, *Dep't of Housing and Urban Development, City of Louisville,* 632 F.2d 21, 23 (6th Cir. 1980). For the reasons set forth above, all of Plaintiff's claims against Fujistar are not futile.

Other than asserting futility, Fujistar did not object to Plaintiff's proposed amendment to change the name in the caption of the case from Y.A. Co. Co., Ltd., d/b/a/ Fujistar Shirt System to 19172 Corporation d/b/a/ Fujistar Shirt System. Therefore, Plaintiff's motion to amend [Doc. No. 25] will be **GRANTED**. Plaintiff shall file her amended complaint within ten days of the entry of this order.

## V. Conclusion

For the reasons stated below, Fujistar's motion for a summary judgment pursuant to Fed. R. Civ. P. 56 [Doc. No. 14] is hereby **GRANTED IN PART and DENIED IN PART**. The aspect of Fujistar's motion which seeks a summary judgment on Plaintiff's claims Fujistar breached implied or express warranties under the TUCC as the manufacturer or seller to Plaintiff of the shirt machine is hereby **GRANTED** and those claims will be **DISMISSED WITH PREJUDICE**. The aspect of Fujistar's motion which seeks summary judgment on Plaintiff's remaining claims against Fujistar will be **DENIED**. Also, Plaintiff's motion to amend [Doc. No. 25] is hereby **GRANTED** and

16

Plaintiff shall file her amended complaint within ten days of the entry of this order.

SO ORDERED.

ENTER:

*s/Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE